IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CR-10-11-D |
| | ) | |
| CARRI O. ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Carri O. Adams' Motion to Strike Non-Relevant and Superfluous Language in the Indictment [Doc. No. 89]. The Motion concerns a statement in the Indictment that Ms. Adams and co-defendant Wallace L. Lawrence, III "developed a romantic relationship." *See* Indictment [Doc. No. 13], ¶ 2. The government has timely responded in opposition to the Motion, which is at issue.

Although not cited in the Motion, Ms. Adams' request is governed by Fed. R. Crim. P. 7(d), which provides: "Upon the defendant's motion, the court may strike surplusage from the indictment or information." The court of appeals has stated as follows concerning Rule 7(d):

> Acting in its discretion, a district court may strike as surplusage allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant. However, language in the indictment or information describing the essential elements of the crime alleged is not surplusage and cannot be stricken under Rule 7(d).

*United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990) (citations omitted); *see also United States v. Brooks*, 438 F.3d 1231, 1237 (10th Cir. 2006) (trial court "may strike from an indictment allegations which are both independent of and unnecessary to the offense on which a conviction ultimately rests"). For example, in *United States v. Zabawa*, 39 F.3d 279, 285 (10th Cir. 1994), the

court of appeals affirmed an order striking a reference to "6,708 victims" from an indictment charging mail and wire fraud, where the government had identified only thirty victims.

In this case, the Indictment charges Ms. Adams, Mr. Lawrence and a co-defendant, Sandra Acuna, with 7 counts of wire fraud in violation of 18 U.S.C. § 1343.[1] The parties disagree whether the reference to a romantic relationship between Ms. Adams and Mr. Lawrence is relevant to these charges. Ms. Adams argues that any such relationship is immaterial to the essential elements of the charged offenses and is unduly prejudicial, such that evidence concerning it should be excluded under Fed. R. Evid. 403. The government contends the relationship is relevant to prove the offenses because the defendants are charged with aiding and abetting one another in the commission of the wire fraud scheme.[2] In the government's view, evidence that shows an association between two defendants jointly charged with criminal activity is relevant to prove they aided one another in committing the alleged crime. The government also argues that the description of the relationship as romantic is not inflammatory or unfairly prejudicial.

Upon consideration of the issue, the Court declines to strike the allegation of a romantic relationship from the Indictment as surplusage. Ms. Adams is plainly correct that proof of a romantic relationship is unnecessary to establish the essential elements of wire fraud. However, the government is also correct that proof of the existence of a relationship between the defendants is relevant to show they were acting together in the commission of the fraudulent scheme alleged in

---

[1] It also charges Mr. Lawrence and Ms. Acuna with two counts of access device fraud in violation of 18 U.S.C. § 1028(a)(7) or § 1029(a)(2), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

[2] Although the Indictment does not specifically allege the government's aiding and abetting theory of liability, every count contains a citation to 18 U.S.C. § 2, the aiding and abetting statute.

2

the Indictment. While it may be unnecessary for the prosecution to identify the nature of the relationship, the existence of a close relationship, as opposed to an acquaintance, bolsters the government's case. The reference to their relationship as "romantic" connotes affection without connoting sexual intimacy. Thus, the Court finds the allegation is not inflammatory or unfairly prejudicial.

IT IS THEREFORE ORDERED that the Motion to Strike Non-Relevant and Superfluous Language in the Indictment [Doc. No. 89] is DENIED.

IT IS SO ORDERED this 30th day of April, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE