IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-10-11-D |
| CARRI O. ADAMS, | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court for decision are two motions to suppress evidence filed by Defendant Carri O. Adams: Motion to Suppress Search [Doc. No. 40]; and Motion to Suppress Telephone Calls from Grady County Detention Center [Doc. No. 41]. The government opposes the motions. On April 30, 2010, the Court held an evidentiary hearing regarding the motions. Ms. Adams appeared personally and through appointed counsel, Bill Zuhdi. The government appeared through Assistant United States Attorneys Mark Yancey and Brandon Hale and a case agent from the United States Secret Service, Special Agent Daniel Baker. The Court heard the testimony of Agent Baker and received government exhibits Nos. 1, 2, 2.1 and 3. The parties adopted the arguments presented in their written briefs. Upon consideration of the evidence, the case record, and the parties' arguments, the Court rules as follows on Defendant's motions.

**Motion to Suppress Search**

Defendant moves to suppress evidence obtained from the search of a white Ford Explorer with license tag 679-FPX. The evidence showed that the search occurred on December 17, 2009, after the arrest of Ms. Adams' co-defendant, Wallace Lawrence, who was driving the vehicle. Prior to the search, a magistrate judge had issued a search warrant for a white 2002 Ford Explorer,

Oklahoma tag 679-FPX. The warrant was based on information Agent Baker had obtained from a witness in the investigation who had described the vehicle and provided a tag number, from observations of Mr. Lawrence, and from auto service records reflecting Mr. Lawrence had serviced a 2002 Ford Explorer. The search yielded insurance and purchase documents reflecting ownership of the vehicle by Ms. Adams and that the vehicle is a 1996 model year, as well as a receipt book and evidence tied to the investigation.

By her motion, Ms. Adams challenges the sufficiency of the search warrant on the ground that the description of the vehicle failed to satisfy the Fourth Amendment's particularity requirement. While the warrant correctly described the vehicle by make, model, color, and license tag number, the model year was wrong and no vehicle identification number (VIN) was included.

"The test for determining the adequacy of the description of the location to be searched is whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched." *United States v. Lora-Solano*, 330 F.3d 1288, 1293 (10th Cir. 2003) (internal quotation omitted). Even an error in the address of a residence does not invalidate a search warrant if the warrant "otherwise describes the premises with sufficient particularity so that the police can ascertain and identify the place to be searched." *Id*.

In this case, the evidence showed that the vehicle to be searched was accurately described in the search warrant in all particulars except the model year. The error became known only after examining paperwork contained in the vehicle; it had no effect on the identification of the vehicle to be searched. The Court is aware of no requirement that a search warrant for a vehicle state a VIN, and Ms. Adams provides no legal authority for such a requirement. Therefore, the Court finds that the search warrant adequately described the place to be searched.

In any event, the good-faith exception to the exclusionary rule under *United States v. Leon*, 468 U.S. 897 (1984), would permit the use of evidence seized during the search unless the warrant was "so lacking in indicia of probable cause that the executing officer should have known the search was illegal despite the . . . magistrate's authorization" or "so facially deficient that the executing officer could not reasonably believe it was valid." *United States v. Danhauer* 229 F.3d 1002, 1007 (10th Cir. 2000); *see Lora-Solano*, 330 F.3d at 1295. Here, there is no indication that Agent Baker, or any officer executing the search warrant, should have known of any insufficiency in the warrant. Therefore, the Court finds that the evidence obtained during the vehicle search should not be suppressed.

**Motion to Suppress Telephone Calls**

Ms. Adams' seeks to suppress tape recordings of her telephone conversations with Mr. Lawrence when he called her from jail during his pretrial detention. The sole ground asserted is an alleged violation of the Wiretap Act, 18 U.S.C. § 2510-22, and its exclusionary rule. *See id*. § 2515.

The government's evidence shows that Mr. Lawrence has been detained in the Grady County jail since his arrest. All outgoing calls made by jail inmates on jail telephones are subject to monitoring and recording. Mr. Lawrence was notified of this fact by written jail rules received at book-in, by a disclaimer physically posted on the telephones, and by a prerecorded message played as a preamble to each call. Both the caller and the recipient hear this message at the beginning of each call. Agent Baker has listened to numerous recordings of telephone calls made by Mr. Lawrence to Ms. Adams during his detention, and every one contains this recorded message.

The Wiretap Act provides an exception that permits the government to intercept telephone communications where one party to the conversation has given prior consent. *See id*. § 2511(c)(2).

Ms. Adams concedes that an inmate consents to the recording of his telephone calls when he elects to use a prison telephone, knowing that calls are subject to monitoring and recording. *See United States v. Verdin-Garcia*, 516 F.3d 884, 894 (10th Cir. 2008); *see also United States v. Faulkner*, 439 F.3d 1221, 1225 (10th Cir.2006) ("a prisoner's knowing choice to use a monitored phone is a legitimate 'consent' under the Wiretap Act"). Here, Mr. Lawrence plainly consented to the recording of the telephone calls he placed from the Grady County jail. Further, under *Verdin-Garcia*, Ms. Adams also consented by engaging in conversations with Mr. Lawrence after she was expressly advised that the calls were subject to recording.

Therefore, the Court finds no violation of the Wiretap Act and no basis for suppression of the recordings lawfully made.

IT IS THEREFORE ORDERED that Defendant Carri O. Adams' motions to suppress evidence [Doc. Nos. 40, 41] are DENIED.

IT IS SO ORDERED this 3rd day of May, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE