IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CR-10-11-D |
| CARRI O. ADAMS, | ) | |
| Defendant. | ) | |

# ORDER

On May 7, 2010, the Court conducted a *James*[1] hearing to determine the admissibility of certain out-of-court statements to be offered by the government at trial as alleged coconspirator statements under Fed. R. Evid. 801(d)(2)(E). The statements are described generally in the government's Trial Brief as statements made by Defendant Wallace L. Lawrence, III to Defendant Sandra Acuna (a cooperating witness) that inferentially incriminate Defendant Carrie O. Adams. These are: 1) Lawrence's statement "that he had a 'hookup' in Texas that could help him make more money with their bill paying scam;" 2) Lawrence's statement "that Adams was helping him by placing the craigslist advertisements;" and 3) Lawrence's statement "that Adams was helping him go 'nationwide' with the craigslist advertisements." *See* Pl.'s Trial Brief [Doc. No. 102] at 12.

To show the admissibility of these statements under Rule 801(d)(2)(E), the government must establish by a preponderance of the evidence that (1) "' a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979); *see United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).

of and in furtherance of the conspiracy.'" *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995) (*quoting United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994)); *see also See United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007).

Based on the testimony of Special Agent Daniel Baker and evidence received at the hearing under Fed. R. Evid. 104, the Court finds, by the preponderance of the evidence, that a conspiracy existed involving all defendants charged in the Indictment.[2] The object of the conspiracy was to effectuate the scheme to defraud alleged in Counts 1-7. The government did not establish that Defendant Adams joined the conspiracy before she moved to Oklahoma, became employed at Staffmark, and began placing craigslist advertisements with her Staffmark computer. Therefore, the Court finds that the government has failed to establish that Statement #1 was made during and in furtherance of the conspiracy at a time when Defendant Adams was a member of the conspiracy. However, considering the substance of Statements #2 and #3, and independent evidence concerning the activities of Defendants Lawrence and Adams, the Court finds that Statements #2 and #3 were made in the course of and in furtherance of the conspiracy while all defendants were members. These statements informed another conspirator (Acuna) of the status of the conspiracy and the activities of other members (Lawrence and Adams);they were made to explain events and facilitate operation of the conspiracy and, perhaps, to provide reassurance. *See Townley*, 472 F.3d at 1273.

---

[2] It is immaterial that Defendant Adams and Acuna did not know each other and never met. *See United States v. Behrens*, 689 F.2d 154, 160 (10th Cir. 1982) ("It is not necessary that each member of the conspiracy know all of the details or be acquainted with all of the parties to the illegal scheme, as long as he is aware of its general scope.") (quoting *United States v. Johnson*, 645 F.2d 865, 868 n.2 (10th Cir. 1981); *see also Blumenthal v. United States*, 332 U.S. 539, 557 (1947); *United States v. Frazier*, 213 F.3d 409, 415 (7th Cir. 2000).

Therefore, the Court finds that only Statements #2 and #3 comprise coconspirator statements that are admissible against Defendant Adams under Rule 801(d)(2)(E).[3]

IT IS SO ORDERED this 10th day of May, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] They are admissible against Defendant Lawrence under Rule 801(d)(2)(A).