IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-10-11-D |
| | ) | (No. CIV-11-987-D) |
| CARRI O. ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF DISMISSAL

Before the Court is Defendant Carri O. Adams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 225], filed *pro se* on September 8, 2011. Ms. Adams seeks relief from a jury conviction of seven counts of wire fraud in violation of 18 U.S.C. § 1343, and an 18-month prison sentence imposed on October 28, 2010, based on claims of ineffective assistance of trial counsel. Ms. Adams has also filed a direct appeal, No. 10-6255, which remains pending before the court of appeals.

"Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993); *see also United States v. Scott*, 124 F.3d 1328, 1329 (10th Cir. 1997) ("a § 2255 motion should not be considered before the disposition of the direct criminal appeal"). Recently, the court of appeals clarified in *United States v. Prows*, 448 F.3d 1223 (10th Cir. 2006), that the rule is not jurisdictional but rests on a concern for judicial economy. However, the Tenth Circuit reaffirmed in *Prows* that a district court should entertain a § 2255 motion while a direct appeal is pending only "in extraordinary circumstances given the potential for conflict with the direct appeal." *See id.* at 1228.

Upon consideration, the Court finds no basis to depart from the general rule in Ms. Adams' case. While her conviction and sentence are under review by the court of appeals, it would be premature for this Court to entertain a collateral proceeding to consider whether any alleged errors by her trial counsel warrant relief from the same conviction or sentence. Although the docket sheet in the appeal reflects that Ms. Adams' appellate counsel has filed an *Anders*[1] brief and a motion to withdraw, it is well settled that the court of appeals has an independent responsibility to "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005); *see Penson v. Ohio*, 488 U.S. 75, 83 (1988). In short, the Court finds no extraordinary circumstance warranting collateral review of Ms. Adams' criminal judgment during the pendency of her direct appeal. Accordingly, Ms. Adams' § 2255 Motion is premature and will be dismissed without prejudice to refiling, if appropriate, after the court of appeals decides Ms. Adams' pending appeal.

IT IS THEREFORE ORDERED that Defendant Adams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 225] is DISMISSED as premature, without prejudice to resubmission after the conclusion of her direct appeal, Appeal No. 10-6255.

IT IS SO ORDERED this 13th day of September, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] *Anders v. California*, 386 U.S. 738 (1967).